**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AFSHIN TIRAIE, | No. 19-17140 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-06727-SVK |
| v. | |
| GAVILAN JOINT COMMUNITY COLLEGE DISTRICT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding[**]

Submitted September 8, 2020[***]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Afshin Tiraie appeals pro se from the district court's summary judgment in

his employment action alleging violations of Title VII and the Age Discrimination

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on Tiraie's discrimination claims concerning all other teachers except Michael Grace because Tiraie failed to establish a prima facie case of discrimination. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889-90 (9th Cir. 1994) (burden-shifting framework applies to discrimination claims under Title VII and the ADEA).

The district court properly granted summary judgment on Tiraie's discrimination claims concerning Michael Grace because Tiraie failed to raise a genuine dispute of material fact as to whether the legitimate, non-discriminatory reasons for defendant's decision to hire Michael Grace over Tiraie were pretextual. *See id.* (circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Tiraie's retaliation claims because Tiraie failed to demonstrate a causal link between his protected activity and the adverse employment decision. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (setting forth prima facie case of retaliation under Title VII).

We reject as unsupported by the record Tiraie's contention that defendant

failed to produce all documents. We reject as meritless Tiraie's contention that the magistrate judge committed errors.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**